IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DYLAN RUSHING, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, a Missouri limited liability company, MCALISTER'S FRANCHISOR SPV LLC, a Delaware limited liability company, and FOCUS BRANDS LLC, a Delaware limited liability company,<br><br>Defendants. | No. 1:22-cv-00649 |

### DEFENDANTS MCALISTER'S FRANCHISOR SPV LLC AND FOCUS BRANDS LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1141, and 1146, Defendants McAlister's Franchisor SPV LLC ("McAlister's") and Focus Brands LLC ("Focus") (collectively "Defendants"), hereby provide notice of removal of this action from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division. In support of this Notice of Removal, Defendants state as follows:

I. **Plaintiff's Complaint**

1. On January 20, 2022, Plaintiff Dylan Rushing filed a putative class action complaint against Defendants in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, captioned *Dylan Rushing v. Aggressive Developments of Missouri, LLC, McAlister's Franchisor SPV LLC, and Focus Brands LLC*, No. 2022LA000081 (the "State Court Action").

2. On February 28, 2022, Defendants were served with a copy of the Complaint and Summons in the State Court Action.

4874-9491-3816.1

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date the Defendants were served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5. Plaintiff alleges that Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") through the use of fingerprint software on employees at various McAlister's Deli franchises. (Ex. 1 ("Compl."), ¶¶ 21-26; 43-49). Specifically, Plaintiff alleges that Defendant violated: (1) 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers were being collected and stored, prior to such collection and storage; (2) 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored and used; (3) 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific length of term their biometrics were being captured, collected, stored, and used, (4) 740 ILCS 14/15(b)(3) by failing to obtain written releases; (5) 740 ILCS 14/15(a) by failing to make publicly available a written retention schedule detailing the length of time for which the biometrics are stored and/or or guidelines for permanently the biometrics they store; and (6) 740 ILCS 14/15(d)(1) by failing to obtain informed consent to disclose or disseminate the Class' biometrics to third parties. (Compl. ¶¶ 45(a)-(f)). Plaintiff alleges that these alleged violations were done "intentionally, recklessly or negligently." (Compl. ¶ 48).

6. Plaintiff seeks to represent a putative class of "[a]ll Illinois citizens whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period." (Compl. ¶ 31).

7.  Plaintiff seeks "declaratory relief," "injunctive and equitable relief," "statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2)," "statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)" and "reasonable attorneys' fees and costs and other litigation expenses." (Compl., Prayer for Relief).

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

8.  The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims); *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) ("The BIPA requirement to implement data retention . . . protocols protect[] a person's biometric privacy just as concretely as the statute's informed-consent regime" under Section 15(b).).[1]

9.  Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v.*

---

[1] Section 15(a) requires entities "in possession of biometric identifiers or biometric information [to] develop a written policy . . . establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Defendants failed to provide a written biometric retention, storage or destruction policy. Compl. ¶¶ 28, 45(e).

*Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

10. Plaintiff estimates that there are "hundreds of members of the Class." (Compl. ¶ 33).

11. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

12. According to the allegations in the Complaint, Plaintiff is a resident of Illinois. (Compl. ¶ 10).

13. Defendant McAlister's is a limited liability company organized under the state of Delaware with its principal place of business in Atlanta, Georgia.

14. Defendant Focus is a limited liability company organized under the state of Delaware with its principal place of business in Atlanta, Georgia.

15. Because Plaintiff is a citizen of Illinois and Defendants are citizens of Delaware and Georgia, at least one member of the class of Plaintiffs is a citizen of a State different from one Defendant as required by 28 U.S.C. § 1332(d)(2)(A).

16. Because Defendants are not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)-(4).

17. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

---

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

18. Plaintiff alleges that Defendants committed at least six (6) BIPA violations with respect to Plaintiff and each other member of the putative class. (Compl. ¶ 45(a)-(f)). Plaintiff further alleges that Defendants committed each of these violations "willfully and/or recklessly" and seeks statutory damages of $5,000 for each such willful or reckless violation. (Compl. ¶ 48; Prayer for Relief). In addition, Plaintiff seeks "declaratory relief," "injunctive and equitable relief," "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." (Compl., Prayer for Relief).

19. Because Plaintiff is seeking statutory damages of up to $5,000 for each alleged violation, in addition to attorneys' fees and unspecific injunctive and equitable relief and alleges that the number of persons within the class amount to "hundreds" of persons, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2). Multiplying $5,000 by 6 alleged violations and then by at least 200 people equals $6,000,000.

20. This matter satisfies all the requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

**III.  Venue**

21. Venue is proper in the Southern District of Illinois, East St. Louis Division because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

22. Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

**IV.  Reservation of Rights and Defenses**

23. Defendants hereby reserve all of their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or

waiving any of Defendants' defenses. *See Key v. DSW, Inc*., 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, Defendants McAlister's Franchisor SPV LLC and Focus Brands LLC hereby remove this civil action to this Court on the bases identified above.

| | |
|---|---|
| Dated: March 30, 2022 | MCALISTER'S FRANCHISOR SPV LLC AND FOCUS BRANDS LLC |
| | |
| | By: /s/ Amy L. Lenz |
| | Amy L. Lenz (alenz@bakerlaw.com) |
| | **BAKER & HOSTETLER LLP** |
| | One North Wacker Drive, Suite 4500 |
| | Chicago, Illinois 60606-2841 |
| | Telephone: (312) 416-6200 |
| | |
| | *Counsel for Defendants McAlister's Franchisor SPV LLC and Focus Brands LLC* |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via email on March 30, 2022:

Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC # 6332509)
Jordan R. Frysinger (ARDC #6335897)
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@rncgpc.com

/s/ *Amy L. Lenz*

4874-9491-3816.1
4874-9491-3816.2