# EXHIBIT 1

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

<table>
<tr><td>STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Madison      COUNTY</td><td>**SUMMONS**</td><td>*For Court Use Only*</td></tr>
</table>

| **Instructions** ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Dylan Rushing<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. Aggressive Developments of Missouri, LLC;<br>McAlister's Franchisor SPV LLC;<br>Focus Brands LLC<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2022LA000081**

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. | Defendant/Respondent's address and service information: |
|---|---|---|

1. Defendant/Respondent's address and service information:
   a. Defendant/Respondent's primary address/information for service:
      Name *(First, Middle, Last)*:   Focus Brands LLC
      Registered Agent's name, if any:   Corporation Service Company
      Street Address, Unit #:   251 Little Falls Drive
      City, State, ZIP:   Wilmington, DE 19808
      Telephone:                    Email:

In 1b, enter a second address for Defendant/Respondent, if you have one.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
      Name *(First, Middle, Last)*:
      Street Address, Unit #:
      City, State, ZIP:
      Telephone:                    Email:

In 1c, check how you are sending your documents to Defendant/Respondent.

   c. Method of service on Defendant/Respondent:
      ☐ Sheriff          ☐ Sheriff outside Illinois:
                                              *County & State*
      ☐ Special process server    ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: 2022LA000081

<table>
<tr><td>

In 2, enter the amount of money owed to you.

In 3, enter your complete address, telephone number, and email address, if you have one.

</td><td>

**2.   Information about the lawsuit:**
Amount claimed:   $ 50,000.00 + (to be determined)

**3.   Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last)*:   Timothy P. Kingsbury (Counsel); McGuire Law, P.C.
Street Address, Unit #:   55 W. Wacker Dr., 9th Fl.
City, State, ZIP:   Chicago, IL 60601
Telephone:   (312) 893-7002         Email:   tkingsbury@mcgpc.com

</td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

<table>
<tr><td>

**Important information for the person getting this form**

</td><td>

You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/.

</td></tr>
</table>

<table>
<tr><td>

Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.

</td><td>

**4.   Instructions for person receiving this *Summons* (*Defendant*):**

☑ a.   To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:
Address:   Madison County Courthouse, 155 North Main St.
City, State, ZIP:   Edwardsville, IL 62025

</td></tr>
<tr><td>

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*.

</td><td>

☐ b.   Attend court:
On: _____   at _____   ☐ a.m. ☐ p.m. in _____
       *Date*                              *Time*                                            *Courtroom*
**In-person at:**

_____

*Courthouse Address*        *City*                          *State*          *ZIP*
OR

</td></tr>
<tr><td>

In 4b, fill out:
• The court date and time the clerk gave you.
• The courtroom and address of the court building.
• The call-in or video information for remote appearances (if applicable).
• The clerk's phone number and website. All of this information is available from the Circuit Clerk.

</td><td>

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):
By telephone: _____
                              *Call-in number for telephone remote appearance*
By video conference: _____
                                     *Video conference website*

_____
       *Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                                              *Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
       *Website*

</td></tr>
</table>

<table>
<tr><td>

**STOP!**
The Circuit Clerk will fill in this section.

**STOP!**
The officer or process server will fill in the Date of Service.

</td><td>

                         2/11/2022
Witness this Date: _____
Clerk of the Court:   /s/ Thomas McRae  /s/ Jennifer Schaefer

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
                              *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

</td></tr>
</table>

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Madison _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Dylan Rushing<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. Aggressive Developments of Missouri, LLC;<br>McAlister's Franchisor SPV LLC;<br>Focus Brands LLC<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2022LA000081
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent
_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

SU-S 1503.2          Page 3 of 4          (06/21)

Enter the Case Number given by the Circuit Clerk: 2022LA000081

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:** _____

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* ☐ Sheriff<br>☐ Sheriff outside Illinois: | **FEES**<br>Service and Return: $ _____<br>Miles _____ $ _____<br>Total $ 0.00 |
|---|---|---|

_____
*County and State*
☐ Special process server
☐ Licensed private
detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Print Form    Save Form    Reset Form

***EFILED***
Case Number 2022LA000081
Date: 1/20/2022 10:18 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| DYLAN RUSHING, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No.   2022LA000081 |
| v. | ) ) | Hon. |
| AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, a Missouri limited liability company, MCALISTER'S FRANCHISOR SPV LLC, a Delaware limited liability company, and FOCUS BRANDS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| *Defendants.* | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Dylan Rushing ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Aggressive Developments Of Missouri, LLC ("Aggressive Developments"), McAlister's Franchisor SPV LLC, ("McAlister's Franchisor") and Focus Brands LLC ("Focus Brands") (collectively "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any

1

information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.     This case concerns the misuse of individuals' biometrics by Defendants, operators of franchise restaurants. Using biometric enabled technology, Defendants have captured, collected, disseminated, or otherwise used the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time at work.

3.     BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

(1)    inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)    inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)    receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4)    make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4.     Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

2

5.      Defendants' biometric timekeeping system works by extracting biometric information from individuals, such as handprints, fingerprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to each other and third parties, such as data storage vendors and payroll services.

6.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7.      The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's state biometric privacy rights.

9.      On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of damages, including statutory damages, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.      At all relevant times, Plaintiff Dylan Rushing has been a resident and a citizen of the state of Illinois.

3

11.     Defendant Aggressive Developments of Missouri, LLC is a limited liability company organized under the laws of the state of Missouri with its principal place of business in Fairview Heights, Illinois, and conducts substantial business throughout the state of Illinois and in Madison County.

12.     Defendant McAlister's Franchisor SPV LLC is a limited liability company organized under the laws of the state of Delaware that conducts substantial business throughout the state of Illinois and in Madison County.

13.     Defendant Focus Brands LLC is a limited liability company organized under the laws of the state of Delaware that conducts substantial business throughout the state of Illinois and in Madison County.

## JURISDICTION AND VENUE

14.     This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants do business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

15.     Venue is proper in Madison County pursuant to 735 ILCS 5/2-101, because Defendants conduct business in Madison County and thus resides there under § 2-102.

## FACTS SPECIFIC TO PLAINTIFF

16.     McAlister's Deli is a fast food restaurant chain with locations across the country including in Edwardsville, Illinois.

4

17.     The only way to become an owner and operator of a McAlister's Deli franchise is to be approved by Defendant McAlister's Franchisor who sets the obligatory methods and protocols for operating and managing a McAlister's Deli franchise.

18.     In addition to prescribing its franchisees' methods and protocols regarding the management and operations, Defendant McAlister's Franchisor exerts significant control all data from franchisees, prospective franchisees, and franchisee applicants.

19.     Defendant McAlister's Franchisor is a wholly owned subsidiary of Focus Brands LLC and has the same principle place of business as Focus Brands LLC at 5620 Glenridge Drive, Atlanta, GA 30342. Focus Brands LLC exercises substantial control over its franchisor subsidiaries such as McAlister's Franchisor, and there is substantial if not complete overlap between the management of Focus Brands LLC and McAlister's Franchisor. For example, Focus Brands LLC's Chief Development Officer, Brian Krause, also serves as Chief Development Officer of McAlister's Franchisor.[1] McAlister's Franchisor president Joe Guith serves as Focus Brands LLC's category president.[2] Accordingly, Focus Brands LLC exercises substantial if not primary control over the operational management protocols McAlister's Deli franchisees must follow.

20.     Franchisee owners of Focus Brand restaurants, like McAlister's Deli, work directly with Defendant Focus Brands and its corporate teams to assist with many operational, technology

---

[1] https://mcalistersdelifranchising.com/brand-power/ (last accessed January 14, 2022); https://www.focusbrands.com/focus-brands-names-brian-krause-chief-development-officer-tim-muir-appointed-companys-first-chief-sales-officer/ (last accessed January 14, 2022).
[2] https://www.qsrmagazine.com/news/focus-brands-names-joe-guith-restaurant-category-president (last accessed January 14, 2022).

and real estate aspects of running a franchise.[3] Focus Brands representatives have publicly touted the close working partnership between Focus Brands and franchisees.[4]

21.     Defendant Aggressive Developments of Missouri, LLC is a franchise owner of a McAlister's Deli location in Edwardsville, Illinois. Aggressive Developments runs and operates its business in accordance with operational protocols set in place by McAlister's Deli Franchisor SPV, LLC and Focus Brands, LLC. For instance, workers at franchisee locations must be certified by McAlister's Deli Franchisor SPV, and McAlister's Deli Franchisor SPV provides franchisees with technology support, such as, on information and belief, biometric hardware, as well as workforce management tools integrated with such biometric hardware, including payroll tools.[5]

22.     As part of the operational protocols set in place by McAlister's Deli Franchisor SPV, LLC and Focus Brands, LLC at the McAlister's Deli franchise operated by Aggressive Developments, all employees are required to clock in and out of work using their fingerprints.

23.     Defendants also require the submission of fingerprints to access certain features within the touchscreen POS systems for managers.

24.     Plaintiff began working at the McAlister's Deli franchise in Edwardsville, Illinois in 2017 when he was 17 years old. Plaintiff worked at the same location from 2017 to 2019, and which has been owned, operated and controlled by Defendants.

25.     During the relevant time period, including the time period when Plaintiff worked for Defendants, Defendants implemented biometric scanning and time-tracking devices and

---

[3] https://www.theintelligencer.com/news/article/McAlister-s-Deli-opening-new-restaurant-in-12434190.php (last accessed January 20, 2022); https://mcalistersdelifranchising.com/tag/focus-brands/ (last accessed Jan. 20, 2022)
[4] https://www.qsrmagazine.com/sponsored/loyal-fans-and-simple-operations-make-mcalisters-deli-strong-prospect-franchisees (last accessed Jan. 20, 2022).
[5] https://mcalistersdelifranchising.com/operational-simplicity/#technology (last accessed Jan. 20, 2022); https://mcalistersdelifranchising.com/faqs/ (last accessed Jan. 20, 2022).

technology to monitor and manage their workers', including Plaintiff's, time on the job. Such devices collect their users' biometric identifiers, i.e. fingerprints, and convert them to an electronic format *derived from* those identifiers, i.e. biometric information. Such conversion is necessary for storing biometrics on the device itself, and to allow Defendants to transmit biometric data to third parties, such as data storage or payroll vendors.

26.     Plaintiff was required to provide biometric scans to Defendants each time Plaintiff clocked in and clocked out of a shift at work.

27.     Though Defendants collected, stored, and used Plaintiff's biometrics for timekeeping and access purposes, Defendants never provided Plaintiff with any written disclosures informing him that they were collecting his biometrics or explaining the purpose or length of term for which his biometrics were being collected. Defendants never sought, nor has Plaintiff ever provided, any written consent relating to Defendants' collection, use, or storage, or dissemination of his biometrics.

28.     Though Defendants came into possession of Plaintiff's biometrics, Defendants have failed to make publicly available any written biometric retention, storage or destruction policy.

29.     In addition, Defendants disseminated electronic information derived from the scanning of Plaintiff's biometric identifiers to each other and third parties, including vendors for timekeeping, data storage, and payroll purposes, without obtaining Plaintiff's consent to do so.

30.     By failing to comply with BIPA, Defendants have violated Plaintiff's substantive state rights to biometric privacy.

7

## CLASS ALLEGATIONS

31.     Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All Illinois citizens whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

33.     Upon information and belief, there are hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

34.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations.

35.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a.     Whether Defendants' conduct is subject to BIPA;

    b.     Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c.    Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d.    Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

    e.    Whether Defendants disseminated or disclosed the Class members' biometrics to each other and third parties with their consent;

    f.    Whether Defendants' conduct violates BIPA;

    g.    Whether Defendants' violations of the BIPA are willful or reckless; and

    h.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

36.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

37.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

38.    Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>COUNT I</u>
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     Defendants are private entities under BIPA.

41.     BIPA requires any private entities, such as Defendants, to obtain informed written consent from individuals before collecting or acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

42.     BIPA also requires that private entities in possession of biometric identifiers and/or biometric information make publicly available a biometric retention and destruction policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

10

43.     Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, or information derived therefrom, *i.e.* "biometric information," collected, captured, or otherwise obtained by Defendants.

44.     Each instance Plaintiff and the other Class members were required to scan their fingerprints for timekeeping purposes, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

45.     Defendants' practices with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a.     Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.     Defendants failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.     Defendants failed to inform Plaintiff and the Class in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.     Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.     Defendants failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or

11

guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f.   Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

46.   By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class's biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

47.   BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

48.   Defendants' violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

49.   Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.   Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.   Declaring that Defendants' actions, as set forth herein, violate BIPA;

12

    c.   Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA;

    d.   Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

    e.   Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

    f.   Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.   Awarding pre- and post-judgment interest, as allowable by law; and

    h.   Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 20, 2022

Respectfully submitted,

DYLAN RUSHING, individually and on behalf of all similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC # 6332509)
Jordan R. Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

13

***EFILED***
Case Number 2022LA000081
Date: 1/20/2022 10:18 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| DYLAN RUSHING, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No.   2022LA000081 |
| v. | ) ) | Hon. |
| AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, a Missouri limited liability company, MCALISTER'S FRANCHISOR SPV LLC, a Delaware limited liability company, and FOCUS BRANDS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

### DEMAND FOR JURY (12)

Plaintiff, Dylan Rushing, herein demands a trial by jury (12) in the above-captioned case.

Dated: January 20, 2022

Respectfully submitted,

DYLAN RUSHING, individually and on behalf of all similarly situated individuals

By: /s/ Timothy P. Kingsbury
   *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC # 6332509)
Jordan R. Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

***EFILED***
Case Number 2022LA000081
Date: 2/4/2022 8:01 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| DYLAN RUSHING, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | No. 2022LA000081 |
| AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, a Missouri limited liability company, MCALISTER'S FRANCHISOR SPV LLC, a Delaware limited liability company, and FOCUS BRANDS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Dylan Rushing, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: February 4, 2022

Respectfully submitted,

DYLAN RUSHING, individually and on behalf of all similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

1

Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC # 6332509)
Jordan R. Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

2

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a class of Illinois individuals with claims under the Illinois

Biometric Information Privacy Act against Aggressive Developments Of Missouri, LLC

("Aggressive Developments"), McAlister's Franchisor SPV LLC, ("McAlister's Franchisor") and

Focus Brands LLC ("Focus Brands") (collectively "Defendants"). Defendants are the operators of

franchise restaurants throughout Illinois. In an effort to monitor and manage workers' time on the

job, Defendants used biometric scanning and time-tracking devices which captured employees'

fingerprints. Defendants required workers to provide scans of their fingerprints each time they

needed to clock in and clock out of a shift at work. In doing so, Defendants have violated BIPA

because they failed to obtain proper consent prior to collecting and disseminating employees', such

as Plaintiff's and the other class members', fingerprints. After Plaintiff learned of Defendants'

wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop

to Defendants' collection of Illinois workers' fingerprints in violation of BIPA, and to obtain

redress for all persons injured by its conduct.

## I.    INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act is designed to protect individuals'

biometrics. "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google

Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of

measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

Under BIPA, biometric identifiers include handprints, fingerprints and facial geometry; while

biometric information can be defined as any information based on a biometric identifier, regardless

of how it is captured, converted, stored, or shared. (Complaint, "Compl.," ¶ 1.)

3

In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b). In addition, BIPA also prohibits private companies from selling, leasing, trading, or otherwise profiting from a person's or a customer's biometric identifier or biometric information. 740 ILCS 14/15(c). And lastly BIPA prohibits the "disclos[ure], redisclos[ure], or other[] disseminat[ion]" of biometrics without consent, unless the "disclosure or redisclosure completes a financial transaction" that is requested or authorized by the individual, is required by law, or is required in order to comply with a valid warrant or subpoena. 740 ILCS 14/15(d).

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

Defendants operate franchise restaurants across the state of Illinois. (*See* Compl., ¶ 14.). From 2017 to 2019, Plaintiff was employed by Defendants in Edwardsville, Illinois and provided (*Id.* at ¶ 24.) In an effort to monitor and manage their employees' time on the job, Defendants used biometric scanning and time-tracking devices which captured employees' fingerprints. (*Id.* at ¶ 24.) Defendants' workers, such as Plaintiff and other members of the class, were required to provide scans of their fingerprints to Defendants each time they needed to clock in and clock out

4

of a shift at work. (*Id.* at ¶ 25-26.) After collecting workers' fingerprints, Defendants disseminated information derived from the scanning of Plaintiff's and other class members' fingerprints to each other and third parties. (*Id.* at ¶ 20.) However, prior to capturing and/or disseminating workers' biometrics, Defendants never obtained Plaintiff's and other class members' consent to do so as required by BIPA. (*Id.* at ¶ 27.) Further, Defendants did not inform Plaintiff or other members of the class in writing that their biometrics were being collected, stored, or used. (*Id.*) Defendant also failed to make publicly available any written policy addressing their biometric retention and destruction schedules. (*Id.* at ¶ 28.) As a result, Defendants have violated BIPA and therefore Plaintiff's and class members' substantive state rights to biometric privacy. (*Id.* at ¶ 30.)

### B.   The Proposed Class

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class:** All Illinois citizens whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

(Compl., ¶ 31.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendants' unlawful conduct.

### III.   ARGUMENT

### A.   Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he

question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is impracticable.
> (2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)  The representative parties will fairly and adequately protect the interest of the class.
> (4)  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

6

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.    The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are hundreds of members of the Class. (Compl., ¶ 33.) Because definitive evidence of numerosity can only come from the records of Defendants and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information

7

is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendants' records as Defendants collect, capture, store, use, and disseminate the biometrics of their workers. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

**C.    Common Questions of Law and Fact Predominate**

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant's conduct violates BIPA; whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendants obtained a written release from Plaintiff or the Class members before capturing, collecting, or otherwise obtaining their biometrics; whether Defendants provided a written disclosure to Plaintiff or the Class members that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

8

Whether Defendants disseminated or disclosed the Class members' biometrics to third parties without their consent; whether Defendants' violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 35.)

As alleged, and as will be shown through obtainable evidence, during the relevant time period Defendant engaged in a common course of conduct by collecting, capturing, storing, using, and disseminating Class members' biometric identifiers (fingerprints) or biometric information without obtaining the proper consent required by BIPA. Given that BIPA requires a record of consent to engage in such conduct, whether Defendant had valid consent is also a common issue subject to common resolution. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D.     Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, his fingerprint biometric identifiers

9

or biometric information were obtained by Defendant through their biometric scanning and time-tracking technology used to monitor and manage his time on the job. (Compl., ¶ 37.) Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.  Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple

individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at \*6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient.

Certification of the proposed Class is necessary to ensure that Defendants' conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendants' would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

11

Dated: February 4, 2022

Respectfully submitted,

DYLAN RUSHING, individually and on
behalf of all similarly situated individuals

By: /s/ Timothy P. Kingsbury
    *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC # 6332509)
Jordan R. Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12

## CERTIFICATE OF FILING

The undersigned, an attorney, hereby certifies that on February 4, 2022 a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

/s/ Timothy P. Kingsbury

13

***EFILED***
Case Number 2022LA00008
Date: 3/16/2022 10:58 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

DYLAN RUSHING, individually and on behalf )
of all similarly situated individuals, )
                                   )
             Plaintiff,            )          Case No. 2022 LA 000081
                                     )
v.                                   )
                                     )
AGGRESSIVE DEVELOPMENTS OF )
MISSOURI, LLC, a Missouri limited liability )
company, MCALISTER'S FRANCHISOR SPV )
LLC, a Delaware limited liability company, and )
FOCUS BRANDS LLC, a Delaware limited )
liability company, )
                                     )
             Defendants.        )

## ENTRY OF APPEARANCE

       Mark Bauman, David M. Schultz, and Stephanie Mulcahy of HINSHAW &

CULBERTSON LLP hereby enters their Appearance on behalf of the Defendant, AGGRESSIVE

DEVELOPMENTS OF MISSOURI, LLC in the above-entitled cause of action.

Dated:    March 15, 2022               AGGRESSIVE DEVELOPMENTS OF
                                    MISSOURI, LLC, Defendant

                                     By: */s/ Stephanie Mulcahy*
                                          One of its Attorneys

Mark Bauman
Hinshaw & Culbertson LLP
521 W. Main Street, Suite 300
Belleville, IL 62220
Tel:    618-310-2333
Email: mbauman@hinshawlaw.com

David M. Schultz - #6197596
Stephanie Mulcahy – #6313556
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:    312-704-3000
Email: dschultz@hinshawlaw.com
        smulcahy@hinshawlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's electronic filing system on all parties receiving electronic notice on this 15th day of March, 2022.

/s/ *Stephanie Mulcahy*

2

***EFILED***
Case Number 2022LA000081
Date: 3/16/2022 11:00 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| DYLAN RUSHING, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2022 LA 000081 |
| v. | ) ) ) | |
| AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, a Missouri limited liability company, MCALISTER'S FRANCHISOR SPV LLC, a Delaware limited liability company, and FOCUS BRANDS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME

NOW COMES Defendant, AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, by and through its attorneys, HINSHAW & CULBERTSON LLP and for its Unopposed Motion for Extension of Time pursuant to Illinois Supreme Court Rule 183, states as follows:

1.      On January 20, 2022, Plaintiff filed his Class Action Complaint alleging Defendant violated the Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, et seq.

2.      Defendant was served on February 19, 2022 and its responsive pleading is due March 21, 2022.

3.      The law firm of Hinshaw & Culbertson LLP was recently retained to handle this matter for Defendant. Defendant's counsel is still collecting the necessary information and documents to respond to Plaintiff's Complaint, and as such respectfully requests an additional 30 days (on or before April 20, 2022) to answer or otherwise plead to Plaintiff's Class Action Complaint.

4.      Defendant's counsel contacted Plaintiff's counsel, and they do not

5.      oppose this motion.

3626\310312762.v1

6.     This time is not meant for purposes of unnecessary delay and will not prejudice any

party in the litigation.  This time is necessary to pursue resolution of this matter, analyze the

pleading, and prepare the appropriate response to the Complaint.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant its

Unopposed Motion for Extension of Time to answer or otherwise plead to Plaintiff's Class Action

Complaint, or any further relief this Court deems equitable and just.

Dated:     March 15, 2022                    AGGRESSIVE DEVELOPMENTS OF
                                             MISSOURI, LLC, Defendant

                                             By: */s/ Stephanie Mulcahy*
                                                 One of its Attorneys

Mark Bauman
Hinshaw & Culbertson LLP
521 W. Main Street, Suite 300
Belleville, IL  62220
Tel:     618-310-2333
Email: mbauman@hinshawlaw.com

David M. Schultz - #6197596
Stephanie Mulcahy – #6313556
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:     312-704-3000
Email: dschultz@hinshawlaw.com
         smulcahy@hinshawlaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's electronic filing system on all parties receiving electronic notice on this 15ᵗʰ day of March, 2022.

/s/  *Stephanie Mulcahy*

3

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

DYLAN RUSHING, individually and on behalf )
of all similarly situated individuals, )
                                   )
            Plaintiff, )                Case No. 2022 LA 000081
                                     )
v. )
                                     )
AGGRESSIVE DEVELOPMENTS OF )
MISSOURI, LLC, a Missouri limited liability )
company, MCALISTER'S FRANCHISOR SPV )
LLC, a Delaware limited liability company, and )
FOCUS BRANDS LLC, a Delaware limited )
liability company, )
                                     )
            Defendants. )



FILED

MAR 2 1 2022

CLERK OF CIRCUIT COURT #56
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## ORDER GRANTING EXTENSION OF TIME

NOW COMES THE COURT and hereby GRANTS Defendant, AGGRESSIVE

DEVELOPMENTS OF MISSOURI, LLC's, Unopposed Motion for Extension of Time. Defendant

to file its responsive pleading on or before April 20, 2022.

SO ORDERED

Dated: 3/21/22

_Judge Presiding_