**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DYLAN RUSHING, individually and on behalf of all similarly situated individuals,** ) ) ) | |
| **Plaintiff,** ) | **Case No. 22-CV-649-SMY** |
| **vs.** ) ) | |
| **AGGRESSIVE DEVELOPMENTS OF MISSOURI, LLC, a Missouri limited liability company, MCALISTER'S FRANCHISOR SPV LLC, a Delaware limited liability company, and FOCUS BRANDS LLC, a Delaware limited liability company,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) ) ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dylan Rushing filed a putative class action Complaint in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, claiming violations of the Illinois Biometric Information Privacy Act ("BIPA") (Doc. 2-1).  Rushing, who was formerly employed by McAlister's Deli and clocked in and out for work each day utilizing a biometric timekeeping system, alleges that Defendants violated BIPA by collecting and storing his biometric information without issuing proper notices, obtaining written consent, or disclosing its retention and by destruction policies. Defendants subsequently removed the action to this Court (Doc. 2).[1]

The case is now before the Court for consideration of Defendants MCALISTER'S FRANCHISOR SPV LLC and FOCUS BRANDS, LLC's Motion to Stay and Partial Motion to

---

[1] Defendant Aggressive Developments of Missouri, LLC, has subsequently been dismissed from the case (Doc. 9).

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10), which Plaintiff opposes (Doc. 11).  For the following reasons, the Motion to Stay is **DENIED in part and GRANTED in part** and the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **TAKEN UNDER ADVISEMENT.**

### Motion to Stay

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In evaluating a motion to stay, courts consider whether the stay will: (1) "simplify the issues in question and streamline the trial," (2) "reduce the burden of litigation on the parties and on the court[,]" and (3) "unduly prejudice or tactically disadvantage the nonmoving party[.]" *Genzyme Corp. v. Cobrek Pharm., Inc.*, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011).  Here, Defendants move to stay this case pending resolution of: (1) *Dusty Matheson v. Aggressive Developments Missouri, LLC,* No. 2019L51 in the Circuit Court of Macon County, Illinois, Sixth Judicial Circuit; and, in the alternative, (2) *Tims v. Black Horse Carriers, Inc.*, No. 1-28-0563 (Ill. App. Ct., 1st Dist.).

### Dusty Matheson v. Aggressive Developments Missouri, LLC

Pursuant to the *Colorado River* abstention doctrine, a federal court may stay proceedings when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote "wise judicial administration."  *Colorado River Water Conservation Dist. V. U.S.*, 424 U.S. 800, 817-818 (1976).  The *Colorado River* doctrine serves to conserve both state and federal judicial resources and prevent inconsistent results.  *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) *citing Day v. Union Mines*, 862 F.2d 652, 657 (7th Cir.

1988) *and Lumen Const., Inc. v. Brant Const. Co., Inc.,* 780 F.2d 691, 694 (7th Cir. 1985).  But the "mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings." *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989).

Courts must address two questions when determining whether a stay is appropriate:  (1) whether the state and federal court actions are parallel; and, (2) whether abstention is proper after weighing ten non-exclusive factors.  *Id. citing AAR Int'l Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518, 522 (7th Cir. 2001).  If the state and federal court actions are not parallel, the *Colorado River* doctrine does not apply, and the district court does not need to address the second part of the analysis.  *Id. citing Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988).

Lawsuits are not required to be identical to be deemed parallel.  What is required is that substantially the same parties must be contemporaneously litigating substantially the same issues in another forum. *See Interstate Material Corp.*, 847 F.2d at 1288; *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1228 n. 1 (7th Cir. 1979).  In other words, there should be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Const., Inc.*, 780 F.2d at 695.

Here, it cannot be said that substantially the same parties are litigating substantially the same issues in the instant case and in *Dusty Matheson v. Aggressive Developments Missouri, LLC* in the Circuit Court of Macon County, Illinois.  First and foremost, there are separate plaintiffs and defendants in the two cases. It is undisputed that Aggressive Developments of Missouri, LLC is the only named defendant in the state court action and is no longer a party to this case.  And the defendants herein are not parties to the state suit.

Moreover, while parties with nearly identical interests are considered "substantially the same" for *Colorado River* purposes (*see Caminiti v. Iatarola v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-701 (7th Cir. 1992) (finding that an estate and a business were substantially the same parties in dispute involving legal fees owed by the business where the estate owned one-fourth of the business), the same cannot be said when the parties are totally unrelated. A finding by the state court that Aggressive Developments of Missouri, LLC is liable will not necessarily be determinative of Defendants' liability in this case. As such, *Dusty Matheson v. Aggressive Developments Missouri, LLC* and the present action are not parallel proceedings such that a stay of this action is warranted under *Colorado River*.

Accordingly, Defendants' motion seeking a Stay pending resolution of *Dusty Matheson v. Aggressive Developments Missouri, LLC,* No. 2019L51 in the Circuit Court of Macon County, Illinois, Sixth Judicial Circuit is **DENIED**.

### *Tims v. Black Horse Carriers*

BIPA does not include a limitations period, and no Illinois Appellate Court has decided the appropriate statute of limitations for BIPA claims. In that vein, Defendants contend that this Court should stay this case pending a decision from the Illinois Appellate Court in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, which will address the currently unsettled question of which statute of limitations period applies to BIPA claims. Because a decision from the Illinois Appellate Court may be binding as the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, this Court finds it appropriate to stay this case pending the *Tims* decision – which is fully briefed. *See Roberson v. Maestro Consulting Servs. LLC,* 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021); *Varnado v. W. Liberty Foods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021).

Accordingly, Defendants' motion seeking a Stay pending resolution of *Tims v. Black Horse Carriers, Inc.,* No. 1-20-0562 is **GRANTED**.

<u>Conclusion</u>

For the foregoing reasons, the Motion to Stay Proceedings (Doc. 10) is **DENIED in part and GRANTED in part**; all proceedings, deadlines, and conferences in this case are **STAYED** pending resolution of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562.  Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **TAKEN UNDER ADVISEMENT** and will be addressed upon the lifting of the Stay.  The parties are **ORDERED** to file a status report within 14 days of the issuance of a ruling in *Tims*.

**IT IS SO ORDERED.**

**DATED:  December 5, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**