IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DYLAN RUSHING, Individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>MCALISTER'S FRANCHISOR SPV LLC, and FOCUS BRANDS LLC,<br><br>Defendants, | Case No. 22-CV-649-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is a portion of the Motion to Dismiss for Failure to State a Claim, Motion to Stay of Defendants McAlister's Franchisor SPV LLC ("McAlister's") and Focus Brands LLC (Doc. 10).[1]  Plaintiff Dylan Rushing, individually and on behalf of all similarly situated individuals, oppose the motion (Doc. 11).  For the following reasons, the motion is **DENIED**.

### Procedural Background and Facts

The following facts are summarized from the Complaint and taken as true for the purpose of deciding this motion.

At all relevant times between 2017 and 2019, Dylan Rushing worked at McAlister's Deli, a fast-food chain restaurant in Edwardsville, Illinois that was operated by a franchise owner, Aggressive Developments of Missouri, LLC (Doc. 2-1, ¶¶ 21, 24).  McAlister's approved Aggressive Developments' franchise in Edwardsville and exerted "significant control" over its data (Doc. 2-1, ¶ 18).  Likewise, Focus Brands exerted significant control over McAlister's as the

---

[1] This Court addressed the other relief sought by Defendants in the motion, including a stay, in a previous order (Doc. 21).

latter is a wholly owned subsidiary of Focus Brands (Doc. 2-1, ¶ 19).  McAlister's Deli and Focus Brands required Aggressive Developments to have its employees, including Dylan Rushing, clock in and out of work using their fingerprints (Doc. 2-1, ¶ 22).  McAlister's Deli and Focus Brands "collected, stored, and used Plaintiff's biometrics" without providing written disclosures or obtaining Plaintiff's consent (Doc. 2-1, ¶ 27).

## Discussion

Defendants McAlister's and Focus Brands move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim under Section 15(b) of the Illinois Biometric Information Privacy Act ("BIPA").  BIPA "imposes numerous restrictions on how private entities collect, retain, disclose and destroy biometric identifiers . . . Under the Act, any person 'aggrieved' by a violation of its provisions 'shall have a right of action against an offending party' and 'may recover for each violation.'" *Rosenbach v. Six Flags Entm't Corp.,* 129 N.E.3d 1197, 1198 (Ill. 2019); *see also*, 740 ILCS 14/1 *et seq.*

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the Complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

McAlister's and Focus Brands assert that Plaintiff failed to plead that they are "private [entities]" under Section 15(b) of BIPA, which requires entities that collect, capture, or otherwise obtain a person's biometric information to inform the subject in writing that the private entity is collecting or otherwise has obtained a person's data and secured the person's written consent. 740 ILCS 14/15(b).  More particularly, they argue only defendants who "controlled, collected, or

obtained Plaintiff's biometric information or biometric identifiers" are liable for collecting biometric data and that they had only a passive role in setting the operational controls for the biometric process. But Plaintiff specifically alleges that "using biometric enabled technology, Defendants [including McAlister's and Focus Brands] have captured, collected, disseminated, or otherwise used the biometrics of Plaintiff and other Class Members, without their informed written consent as required by law, in order to track their time at work" (Doc. 2-1, ¶ 2).

While defendants urge the Court to take a narrow view of who may be liable under BIPA – that only direct employers are responsible for improperly collecting biometric data – the case they rely on heavily for that proposition does not support their position. See, *Ronquillo v. Doctor's Assoc., LLC*, 597 F.Supp.3d 1227, 1231-1233 (N.D. Ill. 2022) (noting that BIPA's plain language does not support limiting liability to employers and any entity that collects such biometric information may incur liability). As such, Plaintiff has adequately stated a claim against McAlister's and Focus Brands under § 15(b) of BIPA.

For the foregoing reasons, Defendants' request for dismissal pursuant to *FRCP* 12 (b)(6) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  February 22, 2023**

                                         **STACI M. YANDLE**
                                         **United States District Judge**